Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000750
12-APR-2012
11:03 AM

NO. CAAP-11-0000750

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHARLES F. HOSLEY,
Plaintiff/Counterclaim-Defendant/Appellee/Cross-Appellant,
v.
TERRY MURAKI and GARY TAKETA,
Defendants/Cross-Claim Defendants/Appellants/Cross-Appellees,
and
JAMES S. TAKETA,
Defendant/Cross-Claim Defendant/Appellee/Cross-Appellee,
and
HELEN M.K. CALIP and AMY KA,
Defendant/Cross-Claim Defendants/Appellees/Cross-Appellees,
and
MARGARET A. SCHATTAUER, Trustee
under that certain unrecorded Revocable
Trust of Margaret A. Schattauer, dated June 27, 1989,
a memorandum of which was recorded in the Bureau of
Conveyances of the State of Hawai'i as Document No. 90-014359,
Defendant/Counterclaim-Plaintiff/Cross-Claim
Plaintiff/Appellee/Cross-Appellant,
and
KAPIOLANI ESTATES LIMITED,
a Dissolved Hawai'i Corporation, et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-01-323K)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over Defendants/Cross-Claim Defendants/Appellants/

Cross-Appellees Terry Muraki and Gary Taketa's appeal, Plaintiff/

Counterclaim-Defendant/Appellee/Cross-Appellant Charles F. Hosley's cross-appeal, and Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellee/Cross-Appellant Margaret A. Schattauer's cross-appeal from the Honorable Ronald Ibarra's July 13, 2011 judgment, because the July 13, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must</u> (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Id.</u> (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the

> burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id.

Although multiple parties have asserted multiple claims against numerous defendants through a complaint, an amended counterclaim, and amended cross-claims, the July 13, 2011 judgment enters judgment only as to a small subset of the named parties in this case. The July 13, 2011 neither enters judgment on nor dismisses the claims as to numerous defendants that the July 13, 2011 does not specifically identify. Although the July 13, 2011 judgment concludes with a statement that declares "[t]here being no remaining unresolved claims or issues in this matter," the Supreme Court of Hawai'i has explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 120 n.4, 869 P.2d at 1339 n.4 (emphases added). The July 13, 2011 judgment neither resolves all claims against all parties nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the July 13, 2011 judgment does not satisfy the requirements for an appealable judgment in a multiple party case under HRCP Rule 58

and the holding in <u>Jenkins</u>. Absent the entry of an appealable final judgment, the appeal is premature, and we lack appellate jurisdiction over the Appeal No. CAAP-11-0000750.

Accordingly, IT IS HEREBY ORDERED that all appeals and cross-appeals in Appeal No. CAAP-11-0000750 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 12, 2012.

Presiding Judge

Associate Judge

Associate Judge